IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALONZO RICHARD, § | | |
| Plaintiff, § | | |
| v. § | No. 3:07-CV-00138-M(BH) | |
| § | | |
| J. CAPPS, et al., § | | |
| Defendants. § | Pretrial Management | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's Special Order No. 3-251, this case was referred to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is *Defendants' Amended Motion to Dismiss and Brief in Support* ("Defs.' Mot."), filed April 26, 2007. After consideration of the pleadings and the applicable law, this Court recommends that Defendants' motion be **GRANTED, in part,** and **DENIED, in part**.

### I. BACKGROUND

Plaintiff is a federal prisoner currently incarcerated at the U.S. Penitentiary in Lompoc, California. On January 22, 2007, he filed the instant action under 28 U.S.C. § 1346 and § 2671, *et seq.*, the Federal Tort Claims Act ("FTCA"), against Defendants, J. Capps,[1] S. Middleton,[2] and Marne Boyle,[3] in their individual and official capacities. (*See* Compl. at 1).[4] He asserts that

---

[1] J. Capps was the medical director at the Federal Correctional Institution, Seagoville, Texas ("FCI"), at the time of Plaintiff's incarceration. (*See* Compl. at 2).

[2] S. Middleton was a medical administrator at FCI at the time of Plaintiff's incarceration. (*See* Compl. at 2).

[3] Marne Boyle was the associate warden at FCI at the time of Plaintiff's incarceration. (*See* Compl. at 2).

[4] Although the pages to Plaintiff's complaint are not numbered, the Court cites to the complaint by a page number beginning with the first page as number 1.

Defendants' negligence in failing to follow a medical restriction requiring that he be assigned to air-conditioned quarters caused him personal injuries, *i.e.* abnormal breathing and nose bleeds. (*Id.*). Plaintiff further alleges that Defendants were negligent in failing to transfer him to the Federal Detention Center. (*Id.*). He seeks monetary damages as well as a declaratory judgment. (*See* Compl. at 8, 10).

Specifically, Plaintiff pleads the following facts in support of his negligence claim. Plaintiff contends that he was given a medical restriction to be housed in an air-conditioned unit for a chronic disease that caused him to have problems breathing and to bleed from his nose when the temperature was hot. (*See* Compl. at 3-4). He was nevertheless housed in non air-conditioned quarters, and when he advised prison officials of his medical restriction, they responded that the weather was not severe enough to move Plaintiff to other quarters. (*See id.*). Plaintiff alleges that on June 9, 2006 and July 28, 2006, he had life-threatening incidents where he could not breathe properly and was bleeding from the nose. (*Id.* at 4-5). Plaintiff further pleads that he filed administrative complaints regarding the prison officials' negligent failure to follow the medical restrictions and move him to an air-conditioned unit, but his claims were denied. (*See* Compl. at 5; *see also* Attachments[5] at 2).

Defendants have filed a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) on the grounds that: (1) Plaintiff failed to exhaust administrative remedies; (2) the FTCA does not provide for personal liability against individual prison officials; and, (3) defendants are protected from individual liability by qualified immunity. (*See* Defs.' Mot. at 3-8). Although not set forth

---

[5] Plaintiff's complaint contains several attachments that are not labeled or numbered. The Court will refer to these attachments sequentially beginning with the page after the certificate of service.

2

in their opening paragraph, Defendants also move to dismiss under Rule 12(b)(5) on the grounds that Plaintiff has failed to properly serve the defendants. (*See* Defs.' Mot. at 9). Plaintiff has filed a response, and the issues are now ripe for decision.

## II. RULE 12(b)(1) MOTION

Defendants move to dismiss Plaintiff's claims under Rule 12(b)(1) on the grounds that Plaintiff failed to exhaust his administrative remedies, and that the FTCA does not provide a basis for suit against individual prison officials.[6] (*See* Defs.' Mot. at 3, 7).

**A.     Standard of Review**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)). Considering rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court

---

[6] Although Defendants' motion does not clarify which grounds are asserted under Rule 12(b)(1) versus Rule 12(b)(6), the Court notes that Rule 12(b)(1) is not a proper vehicle to assert dismissal on grounds of qualified immunity. (*See* Defs.' Mot. at 3-8). The Fifth Circuit has held that the defense of qualified immunity should be analyzed under a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment. *See Baker v. Putnal*, 75 F.3d 190, 197 (5th Cir. 1996). Accordingly, the Court does not consider whether it lacks subject matter jurisdiction on grounds of qualified immunity.

that does have proper jurisdiction." *Id.*

The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Id.* (citation omitted). If the defendant supports the motion with evidence, however, then the attack is "factual" and "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Regardless of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does exist." *Rodriguez*, 992 F. Supp. at 879 ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.") (citations omitted).

Here, Defendants have attached several exhibits in support of their motion to dismiss for lack of jurisdiction. (*See* Defs.' Mot. at Ex. A-E). Thus, the Defendants' motion presents a factual attack, which requires the Court to resolve matters outside the pleadings. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Williamson*, 645 F.2d at 412-13. Accordingly, no presumption of truth attaches to Plaintiff's factual allegations. *See Williamson*, 645 F.2d at 412.

**B.  Exhaustion**

Defendants first argue that Plaintiff failed to comply with the Prison Litigation Reform Act's ("PLRA") mandatory exhaustion requirement. (*See* Defs.' Mot. at 3 (citing 42 U.S.C. §

4

1997e(a)). Plaintiff responds that he properly exhausted his administrative remedies as required by 28 U.S.C. § 2675(a); thus "his FTCA suit surely cannot be dismiss[ed] for failure to exhaust administrative remedies." (*See* Plaintiff's Resp. at 3).

### 1. *Bivens*

Defendants appear to construe Plaintiff's claims asserted against each named defendant in both an individual and official capacity as arising under *Bivens*.[7] (*See* Defs.' Mot. at 4; Compl. at 1). The United States Supreme Court has noted that "Congress views FTCA[8] and *Bivens* as parallel, complementary causes of action." *Carlson v. Green*, 446 U.S. 14, 20 (1980). Simply, individuals whose rights are violated by federal agents and suffer personal injuries "have a cause of action against the Federal agents *and* the Federal Government." *Id.* (emphasis in original). Even though a party *may* "have a cause of action under FTCA against the United States as well as a *Bivens* action against individual officials alleged to have infringed [his] constitutional rights," he can choose to pursue either cause of action exclusively. *See Pearson v. U.S.*, 37 Fed. Appx. 714, 714 (5th Cir. 2002) (accepting petitioner's argument that he did not intend to pursue a claim under *Bivens* in conjunction with his FTCA claim).

Plaintiff plainly states in his complaint that his suit is filed under the "Federal Tort Claim Act," 28 U.S.C. §§ 1346(b), 2671, and further clarifies in his response to Defendants' motion that he exhausted his administrative remedies as required by the FTCA. (*See* Compl. at 1, Plaintiff's Resp. at 3). Further, Plaintiff's complaint is replete with allegations that Defendants'

---

[7] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 397 (1971) (recognizing a right of action against a federal official in his individual capacity for damages arising out of the official's violation of constitutional rights under color of federal law or authority).

[8] The FTCA provides a cause of action against the United States for a party seeking damages due to the negligent acts or omissions of a federal employee acting within the scope of employment. *See* 28 U.S.C. § 2679(b)(1).

5

acts and omissions were negligent, breached a duty, and caused his injuries. (*See* Compl. at 7-8). Based on Plaintiff's assertions, the Court finds that Plaintiff brings claims against Defendants (in their individual and official capacities) based solely on the FTCA. The Court therefore need not consider whether Plaintiff properly exhausted his remedies for purposes of a *Bivens* claim.

### 2. FTCA

The exhaustion requirements for a *Bivens* claim are separate and distinct from the exhaustion requirements under the FTCA. *See Lopez-Heredia v. Univ. of Tex. Medical Branch Hosp.*, No. 05-11365, 2007 WL 1991168, at *1 (5th Cir. Jul. 6, 2007). A prisoner must exhaust his remedies before filing an FTCA claim. *Id.* (citing 28 U.S.C. § 2675(a)); *Frantz v. United States*, 29 F.3d 222, 224 (5th Cir. 1994).

"Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the Tort Claims Act, and absent compliance with the statute's requirement [a] district court [is] without jurisdiction." *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989). Section 2675(a) of Title 28 of the United States Code provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

The procedures for filing a tort claim by a prisoner incarcerated in the bureau of prisons are codified at 28 C.F.R. §§ 543.30-543.32. *See Hessbrook v. Lennon,* 777 F.2d 999, 1003 (5th

6

Cir. 1985) (noting that although 28 C.F.R. § 542.12 states that tort claims will not be accepted under the general bureau of prisons' administrative remedies procedure, Subpart C of Part 543 expressly provides for review of FTCA claims by the bureau of prisons). Section 543.31 requires that a federal inmate obtain the form for filing a tort claim from the bureau of prisons' staff and then either mail or deliver "the claim to the regional officer in the region where the claim occurred." 28 C.F.R. § 543.31. If the claim is denied or the inmate is dissatisfied with the agency's settlement offer, he must file his FTCA suit in the district court "within six months after the agency's final denial; otherwise, the claim is barred." *McCallister v. United States*, 925 F.2d 841, 843 (5th Cir. 1991). If the inmate does not receive an answer to his claim within six months after the date his claim was filed, he may assume that his claim has been denied and thereafter file his claim in the district court. *Id.* at 844; 28 C.F.R. § 543.32(I).

Defendants' arguments regarding exhaustion relate to a *Bivens* action and not Plaintiff's FTCA claim. (*See* Defs.' Mot. at 4). Defendants admit that Plaintiff "filed a claim pursuant to the FTCA" and attach a copy of Plaintiff's administrative complaint as exhibit C to their motion to dismiss.[9] (Defs.' Mot. at 5, Ex. C); *see also* (Defs.' Mot. at 2) ("On July 12, 2006, the Bureau of Prisons' Legal Department received Plaintiff's Federal Tort Claims Act form 95."). Plaintiff

---

[9] Defendants seemingly contradict this concession and argue that Plaintiff has not exhausted his administrative remedies on his FTCA claim because he seeks a greater amount of damages in this suit than those claimed in his administrative complaint. (*See* Defs.' Mot. at 6). In support of their argument that the difference requires a failure to dismiss for lack of exhaustion, Defendants cite to *Dickerson ex rel. Dickerson v. U.S.*, 280 F.3d 470, 474-75 (5th Cir. 2002). In *Dickerson*, the Fifth Circuit reviewed a trial court's findings after a trial on the merits in which plaintiffs were awarded damages in excess of the amounts requested in the administrative complaint. *Dickerson*, 280 F.3d at 474. While the Fifth Circuit held that the FTCA's administrative damages cap limited the award of damages to the amounts claimed in the administrative complaint absent a showing of newly discovered evidence, the Court did not hold that such differences resulted in a lack of exhaustion. *See id.*; *see also* 28 U.S.C. § 2675(b). Thus, to the extent that Defendants move to dismiss Plaintiff's FTCA claim on the ground that he has failed to exhaust his remedies because he seeks greater damages than those claimed in his administrative complaint, their motion should be **DENIED**.

7

also argues that he exhausted his remedies as required by the FTCA and attaches a copy of the final decision from the South Central Regional Office of the Federal Bureau of Prisons. (*See* Plaintiff's Resp. at 3, Ex. A).

Based on the parties' evidence, the Court finds that Plaintiff has exhausted his FTCA remedies as required by 28 U.S.C. § 2675(a). Thus, the Court recommends that to the extent Defendants move to dismiss Plaintiff's FTCA claims for failure to exhaust, the motion should be **DENIED**.

**C.     Individual liability**

Defendants also move to dismiss for lack of jurisdiction on the grounds that the FTCA does not provide a cause of action against individual federal employees. (*See* Defs.' Mot. at 7). Defendants further argue that the FTCA expressly provides federal employees acting within the scope of employment with immunity from suit. *Id.*

Generally, the United States, as a sovereign, cannot be sued unless it expressly consents to suit. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). The scope of the Court's jurisdiction is limited to the terms and conditions as set forth in the "consent to be sued." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 n. 2 (5th Cir. 1988) (quoting *Mitchell*, 445 U.S. at 538 (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). One of the manners in which the United States has consented to be sued is pursuant to the FTCA with certain exceptions. *See* 28 U.S.C. §§ 2671-80. In other words, the FTCA contains a limited waiver of sovereign immunity and allows the United States to be sued for the actions of any government employee while acting within the course and scope of his office or employment. *Hebert v. United States*, 438 F.3d 483, 488 (5th Cir. 2006).

The waiver language is found in 28 U.S.C. § 2674 which states, in pertinent part:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674. Further, section 1346 of Title 28 provides federal district courts with exclusive jurisdiction over:

> civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. §1346(b)(1). Accordingly, based on the specific waiver provision in § 2674 and the jurisdictional provision in § 1346, Plaintiff has an avenue to bring a suit in federal court against the United States to recover money damages for injuries caused by the negligent acts of government employees while acting in the scope of employment. In this case, however, Plaintiff seeks to bring his FTCA claim against the government employees, individually.

It has long been recognized that federal employees are immune from tort liability for acts committed in the performance of their official duties. *See Chafin v. Pratt*, 358 F.2d 349, 352-53 (5th Cir. 1966). The FTCA expressly reserved this immunity for federal employees who were acting within the scope of their employment at the time of the acts giving rise to the claim. *See* 28 U.S.C. § 2679(b)(1); *see also Harris v. United States*, 340 F. Supp. 2d 764, 770 (S.D. Tex. 2004) ("Title 28 U.S.C. § 2679(b) provides absolute immunity to any federal employee acting within the '*scope of his office or employment*.'") (emphasis in original) (citations omitted)).

9

Section 2679 provides that the remedy for injuries caused by the negligent or wrongful acts or omissions "of any employee of the Government while acting within the scope of is office or employment" lies solely against the United States. 28 U.S.C. § 2679(b)(1). In other words, the FTCA does not allow suit against a federal employee individually for negligent acts that occurred within the scope of employment. *See id.* Accordingly, the Fifth Circuit has held that an FTCA claim against federal employees, individually, must be dismissed for want of jurisdiction.[10] *See Galvin*, 860 F.2d at 183; *see also Atorie Air, Inc. v. Federal Aviation Admin.*, 942 F.2d 954, 956 (5th Cir. 1991) (holding that the district court properly dismissed all defendants other than the United States for lack of subject matter jurisdiction).

In his complaint, Plaintiff expressly avers that all Defendant were acting within the scope of their duties at the time they committed the acts that give rise to his FTCA claim. (*See* Compl. at 2). Defendants also submit that they were acting "within the scope of their employment in regards to the facts of this lawsuit." (*See* Defs.' Mot. at 7). Because Plaintiff's remedy under the FTCA lies exclusively against the United States, the Court lacks jurisdiction over Plaintiff's claims against Defendants in their individual capacities. Accordingly, the Court recommends that Defendants' motion to dismiss Plaintiff's individual-capacity FTCA claims against them be **GRANTED**.

### III. RULE 12(b)(5) MOTION

Defendants move to dismiss under FED. R. CIV. P. 12(b)(5) on the grounds that Plaintiff failed to complete proper service of process. (*See* Defs.' Mot. at 8-9).

---

[10] A plaintiff's FTCA claim against the named Defendants in their official capacities is treated as a suit against the United States. *See Connor v. Matthews*, 134 F. Supp. 2d 797, 799 (N.D. Tex. 2001).

Rule 12(b)(5) "permits a challenge to the method of service attempted by the plaintiff," or the lack of delivery of the summons and complaint. *See* FED. R. CIV. P. 12(b)(5); *see also Tinsley v. Commissioner of I.R.S.*, No. 3:96-CV-1769-P, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998). A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983) (holding the court had personal jurisdiction over defendants because plaintiff properly served them in compliance with Rule 4).

Plaintiff filed the instant suit on January 22, 2007. *See* Doc. No. 1 (3:07-CV-0138-M) (N.D. Tex. Jan. 22, 2007). The Court's docket contains proof of service indicating that Defendants were served by the United States Marshal on April 6, 2007 and April 12, 2007. *See* Doc. No. 24 (3:07-CV-0138-M) (N.D. Tex. May 4, 2007). Thus, the record establishes that service upon Defendants was effected within 120 days from the date Plaintiff's complaint was filed. *See* FED. R. CIV. P. 4(m). Accordingly, the Court recommends that Defendants' motion to dismiss under Rule 12(b)(5) be **DENIED**.

## IV. RULE 12(b)(6) MOTION

Defendants also move to dismiss Plaintiff's individual-capacity claims on grounds of qualified immunity under Rule 12(b)(6). (*See* Defs.' Mot. at 7). In light of the Court's foregoing recommendation to dismiss these same claims for lack of jurisdiction, Defendants' motion to dismiss based on qualified immunity is moot. *See Ctr. for Marine Conservation v. Brown*, 917 F. Supp. 1128, 1142 (S.D. Tex. 1996) (noting that an issue is moot when an event occurs that prevents a court from granting any effectual relief).

## V. RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the District Court grant in part and deny in part *Defendants' Amended Motion to Dismiss and Brief in Support* (Doc. # 21). The Court should grant the motion to dismiss all of Plaintiff's claims asserted against Defendants in their individual capacities for lack of jurisdiction. The Court should deny the motion to dismiss on all other grounds.

In light of the foregoing recommendations, Plaintiff's FTCA claims against Defendants in their official capacities remain pending before the Court.

**Signed this 7th day of August, 2007.**

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE